IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA


UNITED STATES OF AMERICA,            )
                                     )
                    Plaintiff,       )          4:25CR3043
                                     )
           vs.                       )
                                     )          Lincoln, Nebraska
ROBERT CRABLE, JR.,                  )          January 12, 2026
                                     )
                    Defendant.       )


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JACQUELINE M. DeLUCA
UNITED STATES MAGISTRATE JUDGE


A-P-P-E-A-R-A-N-C-E-S

FOR THE PLAINTIFF:             Ms. Tessie L. Smith
                               Asst. United States Attorney
                               100 Centennial Mall North
                               Suite 487
                               Lincoln, NE 68508

FOR THE DEFENDANT:             Mr. Ryan S. Crnkovich
                               Dornan, Howard PC, LLO
                               1403 Farnam Street
                               Suite 232
                               Omaha, NE 68102




TRANSCRIBER:                   Ms. Brenda L. Fauber, RDR, CRR
                               111 South 18th Plaza
                               Suite 3122
                               Omaha, NE 68102
                               (402) 661-7322


Proceedings recorded by digital recording, transcript produced by certified stenographer.

(At 11:30 a.m. on January 12, 2026, with counsel for the parties and the defendant present:)

COURTROOM DEPUTY:  We're on the record.

THE COURT:  We're on the record in Case Number 4:25CR3043, United States of America versus Robert Crable.

Counsel, please enter your appearance.

MS. SMITH:  Please enter the appearance of Tessie Smith on behalf of the United States.

MR. CRNKOVICH:  Good morning, your Honor.  Please show the appearance of Ryan Crnkovich on behalf of Mr. Robert Crable who is present.

THE COURT:  Okay.

Mr. Crable, my understanding is that we are here today because you want to plead guilty to Counts I and IV of the indictment.

I will be asking you some questions regarding your proposed change of your present plea of not guilty.

I will also be asking you some questions regarding the facts of the offense and the charges to which you intend to plead guilty.  But first I'm going to put you under oath.  So can you please raise your right hand.

Do you solemnly swear to tell the truth, the whole truth, and nothing but the truth?

THE DEFENDANT:  Yes.

THE COURT:  You can put your hand down, sir.

Sir, you've just taken an oath to tell the truth.  Do you understand that you are now under oath in this hearing?

THE DEFENDANT:  Yes.

THE COURT:  Because you are under oath, your answers to my questions need to be truthful.  And your answers may be used as evidence against you if there is later a charge that you have committed perjury or made a false statement in or concerning this hearing.

Do you understand that?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Before we proceed any further, I need to determine whether you consent to proceed before me as a magistrate judge.  You have a right to a change of plea hearing before Judge Bazis who is a district judge.

Do you understand that right?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  In the alternative, you can consent to proceed before me as a magistrate judge.

If you consent to proceed before me, at the end of this hearing I will enter written findings and facts as to what happened in this matter and in which I will recommend either that Judge Bazis accept your plea of guilty or that she not accept your plea of guilty.

Do you understand that?

THE DEFENDANT:  Yes, ma'am.

THE COURT: Do you consent to proceed before me as a magistrate judge at this hearing?

THE DEFENDANT: Yes, ma'am.

THE COURT: Now, there are two purposes for this hearing.

First, all of us need to make sure that you understand the consequences of a guilty plea; that is, what might happen as a result of you pleading guilty to any charge against you.

Second, whatever action you take, such as pleading guilty, needs to be voluntary; that is, an action done freely and without any threat or force that you enter into a plea.

So if there is anything during this hearing that you do not understand, including any words used or questions asked, you are free to consult with your lawyer or ask for an explanation or clarification from me so that you can and will fully understand these proceedings and what might happen as a result of this hearing.

Do you understand that, sir?

THE DEFENDANT: Yes, ma'am.

THE COURT: Could you please state your full name for the record.

THE DEFENDANT: It's Robert Allen Crable, Jr.

THE COURT: Are you the same Robert Crable, Jr. who is named as the defendant in the indictment in this case?

THE DEFENDANT: Yes, ma'am.

THE COURT:  How old are you, sir?

THE DEFENDANT:  Sixty.

THE COURT:  How far did you get in school?

THE DEFENDANT:  I have a college degree.

THE COURT:  And where'd you get that degree from?

THE DEFENDANT:  Western -- WyoTech in Laramie, Wyoming.

THE COURT:  Okay.  Have you ever been under a doctor's care for any type of mental illness?

THE DEFENDANT:  No, ma'am.

THE COURT:  Have you ever been under a doctor's care for any type of chemical dependency or abuse such as alcoholism or addiction to any controlled substance, including narcotics or drugs?

THE DEFENDANT:  No, ma'am.

THE COURT:  During the last three days, have you consumed any alcoholic beverage of any kind?

THE DEFENDANT:  Can you say that again?

THE COURT:  Have you consumed any alcoholic beverage --

THE DEFENDANT:  Oh, no, ma'am.

THE COURT:  -- over the last three days?

THE DEFENDANT:  No, ma'am.

THE COURT:  Okay.  Have you consumed any narcotic or drug over the last three days?

THE DEFENDANT:  No.

THE COURT:  Have you consumed any medication over the last three days?

THE DEFENDANT:  No, ma'am.

THE COURT:  Is there any substance that I have not mentioned or described that is presently affecting your mind in any way, your ability to think or make decisions, or your ability to think clearly during this hearing?

THE DEFENDANT:  No.

THE COURT:  Has a doctor prescribed for you any medication that you are supposed to be taking but you are not currently taking?

THE DEFENDANT:  No, ma'am.

THE COURT:  Now, Counts I and IV of the indictment charge you with a violation of Title 18, United States Code, Sections 2251(a) and (e) by committing the offense of knowingly conspire to persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and 18, United States Code, Section 2252(a)(4)(B) by committing the offense of possession of child pornography involving prepubescent minors who had not yet attained the age of 12 years old.

According to the indictment filed against you, there are certain elements the government is required to prove by

evidence beyond a reasonable doubt in order to convict you of the crime charged against you in the indictment.

These are the elements the government must prove:

With regard to Count I, beginning on or about November 27, 2023, and continuing until on or about May 20, 2024, in the District of Nebraska and elsewhere, you and at least one other person agreed to commit the crime of production of child pornography, namely employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for purposes of producing a visual depiction of such conduct using materials that had been mailed, shipped, and transported in interstate and foreign commerce including by computer; you voluntarily and intentionally joined in the agreement either at the time it was first reached or at some later time while it was still in effect; at the time you joined in the agreement, you knew the purpose of the agreement; while the agreement was in effect, you knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

For Count IV, on or about March 13, 2025, within the District of Nebraska, you knowingly possessed items that contained visual depictions of child pornography; you knew the visual depictions were of a minor engaged in sexually explicit conducted; the visual depictions contained images involving prepubescent minors or minors who had not attained 12 years of

age; the material containing the visual depiction was produced using materials that had been shipped or transported in interstate commerce including by computer.

Do you understand that these are the elements the government would have to prove by evidence beyond a reasonable doubt if you went to trial on Counts I and IV of the indictment?

THE DEFENDANT:  Yes, ma'am.

MR. CRNKOVICH:  Your Honor, if I may, just for the purposes of --

THE COURT:  You may.

MR. CRNKOVICH:  -- I think because of the 12 years of age, they would have to prove that as well.  I don't know if we need to make that --

THE COURT:  Did I miss that?  I thought I included it.

MR. CRNKOVICH:  You may have and I may have missed it but I just wanted to make it clear.

THE COURT:  I'll just -- just to make sure that I did in fact say that because this is an element, I'm going to go ahead and repeat it.

So for Count IV, sir, I'm just going to repeat the elements.

On or about March 13, 2025, within the District of Nebraska, you knowingly possessed items that contained visual

depictions of child pornography; you knew the visual depictions were of a minor engaging in sexually explicit conduct, the visual depictions contained images involving prepubescent minors or minors who had not attained 12 years of age; the material containing the visual depiction was produced using materials that had been shipped or transported in interstate commerce including by computer.

Do you understand that those are the elements of Count IV, sir?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Okay.  I've mentioned the statutes that are the basis for the charge against you.  And the statutes under which you are charged provide for certain penalties or punishments that can be imposed upon a person who is convicted of the offense charged against you.

The penalties or punishments are as follows:

For Count I, a mandatory minimum of 15 years and up to a maximum of 30 years in prison, a maximum $250,000 fine, or both such fine and imprisonment; a minimum of five years and up to a maximum life term of supervised release; a special assessment of $100; a 5,000 special assessment under the JVTA; and a 20 -- and a $63,987 special assessment under the AVAA; possible ineligibility for certain federal benefits.

For Count IV typically the penalties for this type of crime would be as follows:  A maximum of 10 years in prison, a

maximum $250,000 fine, or both such fine and imprisonment; a minimum of five years and up to a maximum of life term of supervised release; a special assessment of $100; $5,000 under the JVTA; $21,756 under the AVAA; and possible ineligibility for certain federal benefits.

However, because there is an allegation that the child pornography included prepubescent minors or minors who had not reached the age of 12 years old, you're facing a maximum of 20 years in prison, a maximum $250,000 fine, or both such fine and imprisonment; a minimum of five years and up to a maximum life term of supervised release; a special assessment of $100; an additional special assessment of $5,000 under the JVTA; and $21,756 under the AVAA; and possible ineligibility for certain federal benefits.

Do you understand that those are the penalties you are facing?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Do you understand that the judge has the discretion to determine whether the sentences for these counts will run concurrently, which means at the same time, or consecutively, which means one right after the other?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Now, apart from the statutory penalties that I have mentioned regarding the offense charged against you, there are also sentencing guidelines that may apply to a

sentence in your case.

Have you and your attorney talked generally about the sentencing guidelines that may apply in your case?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Now, those sentencing guidelines are no longer mandatory but advisory; so in other words, the judge must consult those guidelines before she determines your sentence in this case.

Do you understand that?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Do you understand that the Court will not be able to determine whether and what guidelines may apply regarding a sentence until a presentence investigation report has been completed by the probation officer and until you and your lawyer and the government have had an opportunity to examine that report and to challenge facts stated in that presentence investigation report?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  In your plea agreement, you waive or give up your right to appeal your conviction and sentence in this case with the exceptions listed in your plea agreement. Ordinarily, you do have the right to an appeal.

Do you understand that you are giving up that right?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  You are also waiving and giving up the

right to file any post-conviction proceeding except in certain circumstances as set forth in your plea agreement.

Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: Now, some state penal systems allow parole which is release from prison before a person has served all of a sentence imposed.

However, you're in a court of the United States, a federal court. And in the federal system, parole has been abolished.

Do you understand that concerning any sentence to imprisonment under federal law, parole does not exist; and therefore, if you are sentenced to imprisonment, you will not be released on parole?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand that if you are convicted of the crime charged, the Court may also order you to make restitution to any victim; that is, order you to make good on any loss sustained by a victim?

THE DEFENDANT: Yes, ma'am.

THE COURT: If you are convicted as a result of your plea of guilty, then in addition to any sentence of imprisonment, the laws of the United States also require that the Court shall, as part of any sentence imposed, include a term of supervised release which must be completed after you

have served your sentence of imprisonment.

Therefore, a term of supervised release may be imposed in addition to, not instead of or in place of, a sentence of imprisonment.

Supervised release involves a period when a probation officer will monitor or check up on your activity after you have been released from prison.

Do you understand generally what is meant by supervised release?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  If your supervised release is later revoked because you have violated a condition of supervised release, you'll be returned to prison and required to serve in prison all or a part of the term of supervised release without credit for the time that you have been on supervised release.

Do you understand that?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Do you have any questions about supervised release as a part of any sentence imposed upon you?

THE DEFENDANT:  No, your Honor.

THE COURT:  In your plea agreement, you waive and give up your right to withdraw your plea of guilty pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure.

What that means is at the conclusion of this hearing, if I recommend to Judge Bazis that she accept your plea of

guilty, then you no longer have the automatic right to withdraw your plea of guilty before Judge Bazis accepts your plea.

Do you understand that?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  And I will talk about -- this is an 11(c)(1)(C) if I recall correctly.  Ms. Smith?

MS. SMITH:  Yes, that's correct.

THE COURT:  I'll talk about the 11(c)(1)(C) aspect in a minute, sir.

Do you understand that if the Court accepts your plea of guilty, you will be found guilty of a felony and a felony conviction may deprive you of valuable civil rights such as the right to vote, to hold a public office, to serve on a jury, and to possess any kind of firearm?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  In addition to those rights, you can lose federal benefits.

Do you understand that?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  A felony conviction may also work to your disadvantage later in your life including an enhancement of a sentence for a conviction after your conviction in this case.

What an enhancement means is that the punishment imposed upon you for a later conviction of another crime may be

greater as a result of your conviction in this case.

Do you understand that, sir?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Ms. Smith, can you please set forth the plea agreement.

MS. SMITH:  Certainly, your Honor.

Pursuant to the plea agreement in this matter, the defendant agrees to plead guilty to Counts I and IV of the indictment.

In exchange, the government agrees to dismiss Counts II and III at the time of sentencing.

The government further agrees that the defendant will not be federally prosecuted in the District of Nebraska for any other child exploitation crime as disclosed by the discovery material as of the date the agreement was signed by all the parties.

This plea agreement includes the nature of the offense, factual basis for the charges, the elements of the offense, and the possible penalties.

The parties agree that this plea agreement is limited to the United States Attorney's Office for the District of Nebraska and that it cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

Within this plea agreement the parties agree that pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the

defendant shall receive a sentence of at least 262 months and up to a maximum sentence of 327 months in prison.  The exact term of imprisonment within this range and all other sentencing factors are left to the discretion of the sentencing court.

Within this agreement, the government agrees that if the defendant is found entitled, the government will move for the reduction of one additional level for his acceptance of responsibility.

The defendant acknowledges within this plea that the Court may order restitution as part of his sentence and that restitution may be ordered to all persons for loss or harm directly or proximately caused by his relevant conduct.

The parties agree within this plea that the defendant may request or recommend additional downward adjustments, departures, or variances.

The government agrees to recommend a sentence at the low end of the -- oh, excuse me, I might be getting that a little bit wrong.

We have the 11(c)(1)(C).  I think I might have some -- one moment.

Scratch the last two I just said, your Honor.

He may not -- there's no -- well, there is no statement one way or the other about whether he may request or recommend additional downward departures or variances.

This agreement contains a waiver of appeal and collateral attack. And there's additionally a waiver of the right to withdraw this plea pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure.

And I believe with that correction, those are the main points of the plea agreement.

THE COURT: With the corrections stated by the government, Mr. Crnkovich, is that your understanding of the plea agreement?

MR. CRNKOVICH: Yes, your Honor. I'll just make it clear for the record, we -- obviously there's a 11(c)(1)(C) range of 262 to 327. Depending on how the guidelines come out we may request downward variances and the like to -- in an effort to reduce his guideline range, recognizing the sentencing court would still be obligated to sentence within the range I've just discussed.

THE COURT: Understood.

MS. SMITH: And I would agree with that and I believe that's why I didn't catch myself right away as that not being a condition.

THE COURT: Understood.

Mr. Crable, is that your understanding of the plea agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT: Now, it is perfectly proper for you and

the government to enter into a plea agreement.  This is an 11(c)(1)(C) plea agreement so Judge Bazis is bound by the plea agreement if she chooses to accept it.  Only if Judge Bazis chooses not to accept your plea agreement would she -- would you be allowed to withdraw your plea.

Do you understand that?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Mr. Crnkovich, can you please explain how you and your client went about completing the petition to enter a plea of guilty and the plea agreement in this case.

MR. CRNKOVICH:  Yes, your Honor.

I met with Mr. Crable at his current place of incarceration which is in the Saline County jail on December 11th, 2025.

At that time we completed the petition.  There were two plea agreements that had been offered -- I just want to make that clear.  There was an 11(c)(1)(B) and there was an 11(c)(1)(C).  Mr. Crable elected to go forward with the 11(c)(1)(C) after having a full opportunity to discuss with me the pros and cons to both options.

We went through the petition.  That is my handwriting you will see, Judge, for the most part being filled -- filling this out.  There are certain parts where Mr. Crable filled it out.  You'll notice that there are initials "RC".  That stands for Robert Crable, not Ryan Crnkovich, just to make that

clear.

He initialed and dated all the pages.

We did make a pen and ink change this morning to question 31. I'll note that was originally incorrectly marked no when it should have been marked yes.

All parties initialed and dated that correction for that type -- for that error.

THE COURT: All right.

Mr. Crable, is that how this occurred?

THE DEFENDANT: Excuse me?

THE COURT: Is that how the petition to enter a plea of guilty and the plea agreement --

THE DEFENDANT: Yes, ma'am.

THE COURT: -- were executed? Okay.

On page 8 of the petition to enter a plea of guilty, it appears to have your signature, sir. Is that your signature?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. Even though some of these answers are not in your handwriting, are those your answers to these questions?

THE DEFENDANT: Yes.

THE COURT: Are those answers true and correct?

(Off-the-record discussion had.)

THE DEFENDANT: Yes, ma'am.

THE COURT: If you had any questions about the

petition, did you ask your attorney and did he answer those questions to your satisfaction?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Do you now have any questions concerning anything contained in your petition to enter a plea of guilty?

THE DEFENDANT:  No, ma'am.

THE COURT:  Let's move on to the plea agreement. This appears to have your signature on the last page of the plea agreement.  Is that your signature, sir?

(Off-the-record discussion had.)

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Did you read the plea agreement before you signed it?

THE DEFENDANT:  Yes.

THE COURT:  Did you understand it?

THE DEFENDANT:  Yes, after my attorney explained quite a bit of it, I do, yes.

THE COURT:  Okay.  If you had any questions about the petition -- or about the plea agreement, did you ask your attorney and did he answer those questions to your satisfaction?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Do you have any other agreements with the government other than what is set forth in writing?

THE DEFENDANT:  No, ma'am.

THE COURT:  When you went over the petition to enter a plea of guilty and the plea agreement, were you under the influence of drugs or alcohol or having any difficulty thinking?

THE DEFENDANT:  No, ma'am.

THE COURT:  You've been represented by Mr. Crnkovich in this matter.  Are you satisfied with his representation of you as your attorney?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Do you have any complaints or objections concerning the manner in which your attorney has represented you in this case?

THE DEFENDANT:  No, ma'am.

THE COURT:  You do have certain constitutional rights as a criminal defendant.  I'm going to go over those with you now.

You have the right to plead not guilty to any offense charged against you and to continue in your pleas of not guilty.

You have the right to a speedy and a public trial.

You have the right to be tried by a jury and the right to have a jury determine whether the government has proved beyond a reasonable doubt each and every element of the charged offenses.

You have the right to an attorney at trial and all stages

of the proceeding.  And if you cannot afford an attorney, I would appoint one to represent you free of charge.

At your trial, you do have the right to testify in your own defense if you want to.  You also have the right to remain silent which means you can decline to testify in your trial.  And if you choose not to testify, that cannot be used against you.

You have the right to see and hear all witnesses and cross-examine persons who are witnesses against you.

You also have the right to present witnesses and evidence on your behalf.  And if witnesses do not want to appear, you have the right to subpoena witnesses which would require persons to appear and be witnesses at your trial.

You have the right to require the production of evidence that is relevant to the charge against you.

Concerning each of the rights just mentioned by me and the rights set out in the petition which you have signed, do you understand that under the Constitution of the United States you do have and can use each and all of those rights?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Do you further understand that if your plea of guilty is accepted by the Court, there will not be a trial of any kind on the charge against you because by you pleading guilty, you waive or give up your right to a trial and to those constitutional rights except your right to

counsel?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Do you also understand that if your plea of guilty is accepted, you waive or give up the constitutional right to challenge, contest, or object to evidence, including the right to question the lawfulness of any confession or statement made by you and the right to challenge any evidence which the government has obtained in this case against you?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Do you understand that a conviction for this offense will likely result in substantial future restrictions on where you may live or work or with whom you may associate?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Do you have any questions or want any further explanation about any of the rights which have been mentioned at this hearing or which are stated in your petition to enter a plea of guilty?

THE DEFENDANT:  No, ma'am.

THE COURT:  Do you fully understand each of the constitutional rights which you have concerning a trial on the charges in the indictment filed in this case?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Now, in order to get you to waive or give up your constitutional rights, has anyone threatened you,

directly or indirectly, used any force against you, or promised you anything outside of what you have in writing with the government?

THE DEFENDANT: No, ma'am.

THE COURT: Do you freely and voluntarily waive or give up all of the constitutional rights which have been mentioned or discussed today during this hearing and those stated in your petition to enter a plea of guilty?

THE DEFENDANT: Yes, ma'am.

THE COURT: Mr. Crnkovich, have you discussed with your client any defenses that he might have to the charges filed in this case?

MR. CRNKOVICH: Yes, your Honor.

THE COURT: Is that correct, sir?

THE DEFENDANT: Yes, ma'am.

THE COURT: After consideration of the responses of Mr. Crable in this case to all questions asked thus far in this hearing, I now find that he fully understands his rights, that he freely, voluntarily, knowingly, and intelligently waives his rights, and that he fully understands the consequences of waiving his rights.

In particular, I find that Mr. Crable is competent to plead and understands the nature of the charges filed against him in this case and further understands the possible penalties that may be imposed upon conviction of the offenses

charged.

I also find that he understands the following rights: The right to plead not guilty and to persist in that plea of not guilty; to be tried by a jury; to have the free assistance of counsel at trial and all stages of the proceeding; to confront and cross-examine witnesses against him, and the right to not be compelled to testify against himself.

I further find that he understands the fact that as a consequence of a plea of guilty, there will be no trial of any kind concerning the charges against him; that is, by him pleading guilty, he waives or gives up his right to a trial.

I also find that he understands that the answers to my questions may be used against him if there's later a prosecution for perjury or any false statement relative to this hearing.

Now, Mr. Crable, knowing and understanding everything that is stated in your petition to enter a plea of guilty, knowing and understanding everything in your written plea agreement, and understanding everything discussed during this hearing, how do you now plead to Count I of the indictment?

THE DEFENDANT: Guilty.

THE COURT: In order to get you to plead guilty to Count I of the indictment, has anyone threatened you, directly or indirectly, used any force against you, or promised you anything outside of what you have in writing with the

government?

THE DEFENDANT:  No, ma'am.

THE COURT:  Are you freely and voluntarily pleading guilty to Count I of the indictment?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Okay.  We're going to do this for Count IV as well, sir.

Knowing and understanding everything that is stated in your petition to enter a plea of guilty, knowing and understanding everything in your written plea agreement, and understanding everything discussed during this hearing, how do you now plead to Count IV of the indictment?

THE DEFENDANT:  Guilty, ma'am.

THE COURT:  In order to get you to plead guilty to Count IV of the indictment, has anyone threatened you, directly or indirectly, used any force against you, or promised you anything outside of your written plea agreement with the government?

THE DEFENDANT:  No, ma'am.

THE COURT:  Are you freely and voluntarily pleading guilty to Count IV of the indictment?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  I'm going to now ask the government to state the factual basis for your plea of guilty.  In stating the factual basis, the government's attorney will tell the

Court generally what facts the government would expect to prove by evidence beyond a reasonable doubt at your trial in order to convict you of the charges alleged against you in the indictment.

Please listen, sir, because I will ask you some questions.

Ms. Smith.

MS. SMITH:  Thank you, your Honor.

If taken to trial, the government would put forward evidence proving that during a recent operation, Homeland Security Investigations, also known as HSI, arrested four separate individuals located in the Philippines who were engaged in human trafficking of minors.

Each of these individuals were found to have recorded sexually explicit files of children in their care and to have sold those files to paying customers worldwide.  These individuals would additionally offer "shows" in which the children would engage in sexually explicit conduct in livestream video for paying customers.  These traffickers would request payment via PayPal or "tipping" on the private site.

The phones and accounts belonging to these four traffickers were seized and reviewed.  During the review, a Skype account belonging to the defendant was identified as communicating with each of these four traffickers as a

customer.

A search warrant was received for Mr. Crable's Skype account which revealed approximately 2,000 child pornography files.

The account also revealed Crable's conversations with traffickers, including Traffickers 1 through 4 mentioned before, spanning from several years from February 9th of 2022 until March 13th of 2025.  The Skype chats additionally included numerous instances of Mr. Crable purchasing sexually explicit files from these traffickers.

Specifically, the evidence would show that Mr. Crable engaged in conversations with Trafficker Number 1 from the -- from April 20th of 2023 until May 20th of 2024.

During their conversations, Mr. Crable requested and Trafficker 1 offered sexually explicit conduct -- content and shows of five different minor-aged children.

Mr. Crable and the trafficker would sometimes engage in negotiations over the price of such materials.  Mr. Crable paid Trafficker 1 for sexually explicit photos of these children.  He would comment on the sexually explicit nature of the photos.  He would also request shows with the children involving sex acts.

Files sent via the Internet from the Philippines to the United States are materials which have been mailed, shipped, or transported in foreign commerce.

THE COURT:  Ms. Smith, I could have missed it.  I think -- would you have facts with regard to the prepubescent nature of the minors or their ages?

MS. SMITH:  Yes, your Honor.  I believe that's in the plea.  This was just a summary.  But within -- I believe it's on page 3, it has been the children listed as being aged 8, 10, 11, 12, and 12.  So three of the minors involved with Trafficker 1 were under the age of 12.  And I believe also in the paragraph before, specifically talking about the 2,000 files, it lists children of toddler age.

THE COURT:  And again, I certainly could have missed it now because I just forgot, do we have indications that Mr. Crable was in the District of Nebraska when these were requested for jurisdiction?

MS. SMITH:  Yes, he was.

THE COURT:  Okay.  All right.

Mr. Crable, did you hear what the government's attorney just said?

THE DEFENDANT:  Yes.

THE COURT:  Do you agree the government could prove those facts beyond a reasonable doubt if you went to trial on the charges set forth in the indictment?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Did you do those things which the government's attorney said that you did?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Now, on question number 41 on page 7 of the petition to enter a plea of guilty, the question states: What acts did you do that cause you to think you are guilty of the charge to which you want to plead guilty?

And your answer is:  See factual basis in plea agreement, which I assume refers to the factual basis on pages 2 and 3 of the plea agreement.  Is that all correct, sir?

THE DEFENDANT:  Yes, ma'am.

THE COURT:  Ms. Smith, as counsel for the government, could you certify that it is your opinion that the plea is knowingly, voluntarily, and intelligently made, and that there is a factual basis for the plea?

MS. SMITH:  Yes, your Honor.

THE COURT:  Are there any questions you believe I should pose to the defendant concerning his plea of guilty at this time?

MS. SMITH:  No, your Honor.  Thank you.

THE COURT:  Mr. Crnkovich, as counsel for the defendant, do you certify that it is your opinion that the plea is knowingly, voluntarily, and intelligently made, and that there is a factual basis for the plea?

MR. CRNKOVICH:  Yes, your Honor.

THE COURT:  Are there any questions you believe I should pose to your client concerning his plea of guilty at

this time?

MR. CRNKOVICH: No, your Honor.

THE COURT: Mr. Crable, do you have any questions of your attorney or myself concerning your plea of guilty at this time?

THE DEFENDANT: No, ma'am.

THE COURT: Then I'm going to go ahead and make the following findings and recommendations to Judge Bazis:

I'm going to find that your plea of guilty is entered knowingly, intelligently, and voluntarily, and that there is a factual basis for your plea.

I will recommend to Judge Bazis that she accept your plea of guilty and find you guilty.

I will further recommend that she not accept the written plea agreement at this time because it does contain a provision under Federal Rule of Criminal Procedure 11(c)(1)(C) but to reserve acceptance until the time of sentencing.

I will note for the record that all rules and laws involving the submission of guilty pleas have been complied with and that the petition to enter a plea of guilty is on a form approved by the court. That will be filed in your case.

I will note it's been signed by you, your attorney, and the government's attorney.

I will note any plea agreements in this case are in writing and signed by all parties. And there are no

agreements or stipulations outside of what we have in writing.

I'm going to issue an order on sentencing schedule.  I will order a presentence report to be prepared and it will be in writing.

You will have an opportunity to see that document, to object to any facts that you believe are incorrect, and the government will have that same opportunity.

There will be a lot of dates on that order on sentencing schedule that deal with the creation of that written document which is the presentence report.  That is the document Judge Bazis will review prior to sentencing you.

Judge Bazis has set this sentencing for April 16th at 11.  Does that work?

MS. SMITH:  Yes, your Honor.

MR. CRNKOVICH:  May I have a moment, your Honor?

(Off-the-record discussion had.)

MR. CRNKOVICH:  I, of course, left my calendar at my office.  If I -- if it doesn't, I can file a motion, Judge.

THE COURT:  All right.

With that, I've reviewed the docket.  I don't see there's any pending motions involving this defendant.

Is that correct from the government's perspective?

MS. SMITH:  Yes, your Honor.

THE COURT:  Mr. Crnkovich?

MR. CRNKOVICH:  That's correct, your Honor.

THE COURT:  Okay.  I will remand the defendant to the custody of the U.S. Marshals.

We are in recess.  Thank you.

MR. CRNKOVICH:  Thank you, your Honor.


(Adjourned at 12:04 p.m.)


I certify that the foregoing is a correct transcription to the best of my ability from the digital recording of proceedings in the above-entitled matter.


_____/s *Brenda L. Fauber*_____        ___February 11, 2026___
Brenda L. Fauber, RDR, CRR                      Date